UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ADAM WALLER #802808,

                Plaintiff,                                          Hon. Janet T. Neff

v.                                                                  Case No. 1:18-cv-143

DUSTIN ROSE, et al.,

                Defendant.

_____/

## REPORT AND RECOMMENDATION

        This matter is before the Court on Defendant's Motion for Summary Judgment.    (ECF

No. 7).    Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion

be **granted** and this action **terminated**.

## BACKGROUND

        The following allegations are contained in Plaintiff's complaint.  (ECF No. 1).    On

June 22, 2016, Corrections Officer Dustin Rose used "abusive words" during an encounter with

Plaintiff immediately after which Plaintiff filed a grievance against Rose.    Later that day, Rose stated

to Plaintiff, "so your little bitch ass want to write a grievance on me?   I'll teach you about writing

grievances and you not eating today."    In response, Plaintiff filed another grievance against Rose

who thereafter charged Plaintiff with a "retaliatory misconduct in [an] effort to scare plaintiff from

exercising his constitutional right."    Plaintiff initiated the present action on February 8, 2018, alleging

that Defendant Rose deprived him of a meal and charged him with a misconduct violation in retaliation

for exercising his rights.   Defendant Rose now moves for summary judgment on the ground that

Plaintiff has not properly exhausted his administrative remedies.

**SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

Civ. P. 56(a).   A party moving for summary judgment can satisfy its burden by demonstrating "that

the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential

element of his or her case."  *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).   Once the

moving party demonstrates that "there is an absence of evidence to support the nonmoving party's

case," the non-moving party "must identify specific facts that can be established by admissible

evidence, which demonstrate a genuine issue for trial."  *Amini v. Oberlin College*, 440 F.3d 350, 357

(6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving

party, the party opposing the summary judgment motion "must do more than simply show that there

is some metaphysical doubt as to the material facts."  *Amini*, 440 F.3d at 357.   The existence of a

mere "scintilla of evidence" in support of the non-moving party's position is insufficient.  *Daniels v.*

*Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).   The non-moving party "may not rest upon [his]

mere allegations," but must instead present "significant probative evidence" establishing that "there is

a genuine issue for trial."  *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for

summary judgment by "simply arguing that it relies solely or in part upon credibility determinations."

*Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004).   Rather, the non-

moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54.   In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof  faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002).   Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561.   Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).   Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007).   Instead, failure to

exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears

the burden of establishing.  *Id.*  With respect to what constitutes proper exhaustion, the Supreme

Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as

"compliance with an agency's deadlines and other critical procedural rules."  *Woodford v. Ngo*, 548

U.S. 81, 90-93 (2006).   In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is
> required by the PLRA to 'properly exhaust.'   The level of detail
> necessary in a grievance to comply with the grievance procedures will
> vary from system to system and claim to claim, but it is the prison's
> requirements, and not the PLRA, that define the boundaries of proper
> exhaustion.

*Bock*, 549 U.S. at 218.

Michigan Department of Corrections Policy Directive 03.02.130 articulates the

applicable grievance procedures for prisoners in MDOC custody.   Prior to submitting a grievance, a

prisoner is required to "attempt to resolve the issue with the staff member involved within two business

days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her

control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support

Administration."   Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ P.   If this attempt is

unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance.  *Id.*   The Step I

grievance must be submitted within five business days after attempting to resolve the matter with staff.

*Id.* at ¶ V.   The issues asserted in a grievance "should be stated briefly but concisely" and the

"[d]ates, times, places, and names of all those involved in the issue being grieved are to be included."

*Id.* at ¶ R.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely

response, he may appeal to Step II within ten business days of the response, or if no response was

received, within ten business days after the response was due.  *Id.* at ¶ BB.  If the prisoner is

dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the

matter to Step III.  *Id.* at ¶ FF.  The Step III grievance must be submitted within ten business days

after receiving the Step II response, or if no Step II response was received, within ten business days

after the date the Step II response was due.  *Id.*

In support of his motion, Defendant has submitted evidence that Plaintiff pursued a

single grievance regarding the allegations in his complaint.  Plaintiff has presented neither evidence

nor argument that he pursued any other grievance regarding the allegations in his complaint.  On

June 23, 2016, Plaintiff submitted grievance IBC-16-07-1546-17z.  (ECF No. 8-3 at PageID.56).  In

this grievance, Plaintiff alleged that Defendant Rose deprived him of a meal the previous day.

Plaintiff does not allege, however, that Rose acted with a retaliatory purpose.  The grievance form

indicates that Plaintiff's Step I grievance was denied and returned to Plaintiff on July 5, 2016.  (ECF

No. 8-3 at PageID.56-57).  Plaintiff has presented neither argument nor evidence that he did not

receive the denial of his Step I grievance on or about July 5, 2016.  Plaintiff did not submit his Step

II grievance, however, until February 2, 2017.  (ECF No. 8-3 at PageID.54).  Plaintiff's Step II

grievance was rejected on the ground that it was "extremely untimely."  (ECF No. 8-3 at PageID.55).

This determination was upheld at Step III.  (ECF No. 8-3 at PageID.53).

As noted above, Plaintiff has asserted two retaliation claims.  Specifically, Plaintiff

alleges that Defendant Rose deprived him of a meal and charged him with a misconduct violation in

retaliation for exercising his rights.  The grievance Plaintiff filed does not allege that Defendant

engaged in retaliation.  Instead, the grievance merely alleges that Defendant improperly deprived

Plaintiff of a meal on the date in question.  Thus, this grievance does not exhaust either of the

retaliation claims asserted in Plaintiff's complaint.  Moreover, even if the Court assumes that this grievance properly asserted Plaintiff's retaliation claims, the result would be the same because Plaintiff's grievance was properly rejected as untimely at Steps II and III.

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that Plaintiff has failed to properly exhaust the claims in his complaint.  Accordingly, the undersigned recommends that Defendant's Motion for Summary Judgment, (ECF No. 7), be **granted** and this action **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: September 26, 2018                     /s/ Ellen S. Carmody
                                              ELLEN S. CARMODY
                                              United States Magistrate Judge